UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MICHAEL KROMER,

    Plaintiff,    CASE NO.:

vs.    **DEMAND FOR JURY TRIAL**

EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION, LLC, and EQUIFAX INFORMATION
SERVICES, LLC,

    Defendants.
_____/

## COMPLAINT

COMES NOW Plaintiff, Michael Kromer, (hereinafter "Plaintiff"), by and through undersigned counsel, and files this Complaint against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter Experian), TRANS UNION, LLC (hereinafter Trans Union), EQUIFAX INFORMATION SERVICES, LLC (hereinafter Equifax) alleges:

### I.   INTRODUCTION

1. This is an action for damages for Defendants' violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq.* (hereinafter, the "FCRA") wherein Defendants incorrectly reported inaccurate information concerning Plaintiff's mortgage after a fully executed satisfaction filed on May 30, 2008 by Bank of America after a short sale.  Despite Plaintiff's

1

multiple disputes, Defendants continued to verify inaccurate information.

## II. PARTIES

2. Plaintiff is a natural person, a resident of Lake County, Florida, and a "consumer" as defined by 15 U.S.C. § 1681a (c) of the FCRA.

3. Defendant Experian is an Ohio limited liability company with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626 and is subject to the jurisdiction of this Court.

4. At all times material Defendant Experian is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Experian disburses such consumer reports to third parties under contract for monetary compensation.

5. Defendant Trans Union is an Delaware limited liability company with its principal place of business located at 555 West Adams Street, Chicago, IL 60661 and is subject to the jurisdiction of this Court.

6. At all times material Defendant Trans Union is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

7. Defendant Equifax is a Georgia corporation with its principal place of business located at 1550 Peachtree Street, NW, H-46, Atlanta, GA 30309 and is subject to the jurisdiction of this Court.

8. At all times material Defendant Equifax is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

### III.   JURISDICTION AND VENUE

9. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to the FCRA, 15 U.S.C. § 1681 *et seq*.

10. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here pursuant to the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1391.

### FCRA STATUTORY STRUCTURE

11. Congress enacted the FCRA to require the consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the

confidentiality, accuracy, relevancy, and proper utilization of such information. 15 U.S.C. § 1681b.

12. Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure ***maximum accuracy*** of the information concerning the individual about whom the report relates. 15 U.S.C. § 1681e(b) (emphasis added).

13. Under the FCRA, if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives the notice of dispute from the consumer. 15 U.S.C. § 1681i(a).

14. Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer. 15 U.S.C. § 1681i(a)(4).

15. Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of

information, as appropriate, based on the results of the reinvestigation. 15 U.S.C. § 1681i(a)(5).

16. Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer, is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; statutory damages of not less than $100 and not more than $1,000; such amount of punitive damages as the court may allow; and the costs of the action together with reasonable attorneys' fees. 15 U.S.C. § 1681n.

17. Under the FCRA, any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer, is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorney's fees. 15 U.S.C. § 1681o.

## IV.   GENERAL ALLEGATIONS

18. In or about June 30, 2006, Plaintiff entered into a home equity note and mortgage on his personal, single-family primary residence at 603 Valle Vista Drive Brandon, Florida 33511 (hereinafter, "Mortgage Account") (Loan #0418584200). The "Mortgage Account" was recorded on September 5, 2006 in Hillsborough County securing the note in the principal sum of $48,766.

19. The Mortgage Account bore a monthly payment obligation and balance.

5

20. At all times herein, Bank of America reports information concerning the Mortgage Account to Experian, Equifax and Trans Union.

21. At all material times herein, Experian, Equifax, and Trans Union are each a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engage in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Experian disburses such consumer reports to third parties under contract(s) for monetary compensation.

22. Due to a separation from his wife and the struggling real estate market, Plaintiff underwent a short sale [1] of his home on March 14, 2008.

23. Incident to the short sale, on May 20, 2008, Bank of America executed a "Satisfaction of Mortgage" which it recorded on May 30, 2008 with the Hillsborough County Clerk, Book: 18663, Page 740, Instrument # 2008193120. *See Exhibit A*.

24. The "Satisfaction of Mortgage" stated that Bank of America:

> **hereby acknowledges full payment and satisfaction of said note or noted and mortgage deed, and surrender the same as cancelled, and hereby directs the Clerk of the said Circuit Court to cancel the same of record.**

25. After May 20, 2008, Plaintiff owed no sums on the Mortgage Account, the

---

[1] A "short sale" ordinarily involves a consensual sale for a net proceeds amount acknowledged by the lender and borrower/owner to be less than the outstanding loan balance.

6

same having been extinguished by the "Satisfaction of Mortgage."

26. Furthermore, by operation of Section 95.11(5)(h), on March 14, 2009, the one-year statute of limitations of Florida Statutes, Section 95.11(5)(h) for collection on a residential mortgage deficiency related to the Mortgage Account elapsed.

27. Despite filing the Satisfaction of Mortgage, Bank of America continued to insist that Plaintiff owed the remaining mortgage and note.

28. Despite Plaintiff no longer owing any sums on the Mortgage Account, Bank of America falsely and inaccurately reported that Plaintiff's Mortgage Account as an open mortgage with a balance.

## **Plaintiff's First Dispute**

29. On or about June 5, 2023, Plaintiff sent his initial dispute letters via certified mail to Experian, Equifax and Trans Union disputing the inaccurate reporting of the Mortgage Account (hereinafter, "Dispute"). ***See Exhibit B.***

30. The Dispute contained information sufficient to identify Plaintiff including his: social security number, date of birth and copy of his Driver's License and Social Security Card.

31. The Dispute contained information sufficient to identify the Mortgage Account including the name of the furnisher of information on the Mortgage Account in dispute (Bank of America), Loan Number and property address.

32. Experian, Equifax, and Trans Union failed to notify the furnisher or,

7

alternatively, did properly notify the furnisher.

33. When Plaintiff disputed the account, Defendants Experian, Equifax, and Trans Union were required to perform an reinvestigation; however, Defendant Experian did not properly reinvestigate the dispute and continued to report the erroneous credit information with actual knowledge of errors, in violation of the FCRA.

34. Plaintiff sent additional written disputes to Defendants requesting a reasonable reinvestigation of his credit file.

35. However, despite this Experian refused to investigate his disputes. Equifax and Trans Union, in turn did not investigate the disputes reasonably.

36. Any credit reporting reflecting that Plaintiff's Mortgage Account was open, contained a balance—after Plaintiff completed the short sale and Bank of America filed the Satisfaction of Mortgage —was materially misleading, incomplete, and unverifiable because the Satisfaction of Mortgage eliminated any balance, monthly obligation, and closed the account.

37. As of the date of filing, this inaccurate information is still on Plaintiff's credit report.

38. As a result of Defendants' inaccurate credit reporting on Plaintiff's credit reports, Plaintiff's credit score was reduced.

39. As a result of the inaccurate reporting on Plaintiff's Credit Reports, Plaintiff was continually evaluated for credit on existing credit lines using consumer reports that inaccurately reported the above-outlined information.

40. Additionally, as a result of Defendant's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, loss of sleep, and confusion, believing that despite Plaintiff's dispute efforts, Plaintiff must endure the erroneous and inaccurate reporting.

41. Plaintiff further dealt with the stress and anxiety of feeling hopeless, believing that he would continue to be denied credit as a result of the erroneous and incorrect reporting and that Plaintiff would instead pay higher interest rates in the event he could obtain financing. Plaintiff suffered additional actual damages in the form of damage to his reputation, higher credit costs, and other additional costs and fees.

42. The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

43. Plaintiff retained undersigned counsel for the purpose of pursuing this matter against Defendants and Plaintiff is obligated to pay his attorney a reasonable fee for his services.

44. All necessary conditions precedent to the filing of this action occurred or Defendants have waived.

## III. CAUSES OF ACTION

### COUNT ONE:
### FAIR CREDIT REPORTING ACT –
### VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)
### (Experian, Equifax, and Trans Union)

45. Plaintiff re-alleges paragraphs one (1) through forty-four (44) as if fully restated herein and further states as follows.

46. Experian, Equifax, and Trans Union are subject to, and violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

47. Experian, Equifax, and Trans Union willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding the Mortgage Account.

48. Experian, Equifax, and Trans Union incorrectly, misleadingly reported unverifiable information.

49. Further, Experian, Equifax, and Trans Union willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when re-investigating Plaintiff's disputes of the above-referenced inaccuracies contained in his credit reports.

50. Such reporting of the Mortgage Account as bearing a mortgage balance and payment obligation, when the account was subject to the "Satisfaction of Mortgage", is false and unverifiable on its face and evidences the Defendants' failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

51. Defendants' actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

52. Defendants' violations of 15 United States Code, Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

### COUNT TWO:
### FAIR CREDIT REPORTING ACT – VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(1)
### (Experian, Equifax, and Trans Union)

53. Plaintiff re-alleges paragraphs one (1) through forty-four (44) as if fully restated herein and further states as follows.

54. Experian, Equifax, and Trans Union are subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(1), by failing to conduct reasonable re-investigations of Plaintiff's disputes to determine

whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit file.

55. Specifically, Equifax, Experian, and Trans Union willfully and/or negligently refused to properly re-investigate Plaintiff's consumer reports upon receiving Plaintiff's Disputes, as described herein.

56. For example, despite Plaintiff's providing Equifax, Experian, and Trans Union with the "Satisfaction of Mortgage" and noting that Plaintiff no longer had any monetary liability for the Mortgage Account, the Defendants did not undertake any investigation to request or review the Mortgage Account's history or public records.

57. Even though Plaintiff's Disputes noted that underlying property was sold in a short sale and no further sums were due from Plaintiff, Equifax, Experian, and Trans Union failed to conduct any meaningful investigation about whether any balloon payment actually continued to exist and instead each continued to inaccurately report the Mortgage Account with inaccurate, false, misleading, or unverifiable debt information.

58. Such reporting is false and evidences Defendants' failure to conduct reasonable re-investigations of Plaintiff's Disputes.

59. Defendants' reinvestigation of Plaintiff's Disputes were not conducted reasonably.

60. Defendants' reinvestigations of Plaintiff's Disputes were not conducted in good faith.

61. Defendants' reinvestigation procedures are unreasonable.

62. Defendants' re-investigation of Plaintiff's Disputes were not conducted using all information reasonably available to Experian including but not limited to: publicly available court and public records.

63. Defendants' reinvestigations were *per se* deficient by reason of these failures in reinvestigations.

64. Defendants' actions in violation of 15 United States Code, Section 1681i(a)(1), constitute negligent or willful noncompliance—or both—with the FCRA, and entitles Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

### COUNT THREE:
### FAIR CREDIT REPORTING ACT –
### VIOLATION OF 15 UNITED STATES CODE, SECTION1681i(a)(4)
### (Experian, Equifax, and Trans Union)

65. Plaintiff re-alleges paragraphs one (1) through forty-four (44) as if fully restated herein and further states as follows.

66. Experian, Equifax, and Trans Union are subject to, and violated the provisions of, 15 United States Code, Section 1681i(a)(4), by failing to review and consider all relevant information received in Plaintiff's Disputes,

13

including all relevant attachments.

67. Specifically, despite receiving Plaintiff's Disputes, which contained the relevant "Satisfaction of Mortgage" Experian, Equifax, and Trans Union willfully and/or negligently failed to review and consider all information received in Plaintiff's Dispute about the Mortgage Account.

68. The Defendants' failure to review and consider all information received in Plaintiff's Disputes was done in bad faith.

69. Defendants' actions in violation of 15 United States Code, Section 1681i(a)(4), constitute negligent or willful noncompliance—or both—with the FCRA, and entitles Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 USC, Sections 1681n or 1681o, or both.

### COUNT FOUR:
### FAIR CREDIT REPORTING ACT –
### VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(5)
### (Experian, Equifax, and Trans Union)

70. Plaintiff re-alleges paragraphs one (1) through forty-four (44) as if fully restated herein and further states as follows.

71. Experian, Equifax, and Trans Union are subject to, and each violated the provisions of, 15 United States Code, Section 1681i(a)(5), by failing to update or delete any information that was the subject of Plaintiff's Disputes as inaccurate or that could not be verified.

72. Specifically, despite receiving Plaintiff's Disputes that advised that the reporting of the Mortgage Account's balloon payment obligation notations were inaccurate, false, or incomplete, Experian willfully and/or negligently failed to update or delete the information on Plaintiff's credit reports with respect to the Mortgage Account that was either inaccurate and could not be verified.

73. Defendants' actions were a direct and proximate cause of, as well as a substantial factor in, Plaintiff's serious injuries, damages, and harm as more fully stated herein.

74. Defendants' actions in violation of 15 United States Code, Section 1681i(a)(5), constitute negligent or willful noncompliance—or both—with the FCRA, and entitles Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 USC, Sections 1681n or 1681o, or both.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

Dated this 8th day of December, 2023,

**STORY GRIFFIN**
/s/ Max Story
MAX STORY, ESQ.
Florida Bar: 0527238
AUSTIN J. GRIFFIN, ESQ.
Florida Bar: 0117740
328 2nd Avenue North, Suite 100

Jacksonville Beach, FL  32250  
Phone: (904)372-4109  
Fax:  (904) 758-5333  
max@storylawgroup.com  
austin@storylawgroup.com  
Attorneys for Plaintiff